# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-850V
Filed: March 6, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *<br>JEFFREY FAUCHER and FILOMENA<br>FAUCHER, parents of C.F., a minor,<br><br>                 Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                 Respondent.<br><br>* * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED<br><br>Special Master Hamilton-Fieldman<br><br>Petitioners' Motion for Dismissal<br>Decision; Neurological Injury;<br>Diptheria-Tetanus-Pertussis-acellular<br>Pertussis ("DTaP") Vaccine;<br>Inactivated Polio ("IPV") Vaccine;<br>haemophilus influenza ("Hib")<br>Vaccine; Pneumococcal Conjugate<br>Vaccine ("PCV"); Rotavirus<br>Vaccine; Influenza ("flu") Vaccine;<br>Hepatitis B ("Hep B") Vaccine. |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Glenn MacLeod, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

      On October 29, 2013, Jeffrey and Filomena Faucher ("Petitioners") filed a petition on behalf of their child, C.F., for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that C.F. suffered from a neurological injury, and that this injury was caused by Diptheria-Tetanus-acellular-Pertussis ("DTaP"), Inactivated Polio ("IPV"), haemophilus influenza ("Hib"), hepatitis B ("hep B"), Pneumococcal Conjugate ("PCV"), Rotavirus, and influenza ("flu") vaccines administered to her on November 11, 2010. Petition ("Pet") at 1. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

On March 3, 2015, Petitioners filed a Motion for a Decision Dismissing the Petition. According to their motion, Petitioners "have been unable to secure further evidence required by the court to prove entitlement to compensation in the Vaccine Program." Motion at 1. Petitioners further state that they have been advised by counsel that a dismissal decision will result in a judgment against them, and that such a judgment will end all of their rights in the Vaccine Program. Id.

To receive compensation under the Vaccine Act, Petitioners must prove either 1) that C.F. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that C.F. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that C.F. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that C.F.'s injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

    **IT IS SO ORDERED.**

    /s/Lisa D. Hamilton-Fieldman
    Lisa D. Hamilton-Fieldman
    Special Master