# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-850V
Filed: November 25, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | **PUBLISHED** |
| JEFFREY FAUCHER and FILOMENA FAUCHER, parents of C.F., a minor, | |
| Petitioners, | Special Master Hamilton-Fieldman |
| v. | Attorneys' Fees and Costs; Contested; *McCulloch* Hourly Rates; Hours Expended. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Glenn MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 29, 2013, Jeffrey and Filomena Faucher ("Petitioners") filed a petition on behalf of their child, C.F., for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq.[2] (2006) ("Vaccine Act"). Petitioners alleged that C.F. suffered from a neurological injury, and that this injury was caused by Diptheria-Tetanus-acellular-Pertussis ("DTaP"), Inactivated Polio ("IPV"), haemophilus influenza ("Hib"), hepatitis B ("hep B"), Pneumococcal Conjugate ("PCV"), Rotavirus, and influenza ("flu") vaccines administered to her on November 11, 2010. On March 6, 2015, the undersigned issued a decision dismissing the petition. Judgment entered on the dismissal decision on April 13, 2015.

On August 25, 2015, Petitioners' counsel filed a motion seeking reimbursement for

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$24,767.50 in attorneys' fees and $2,017.11 in attorneys' costs. Respondent responded to Petitioners' Motion on October 1, 2015.[3] Response to Motion for Attorneys' Fees and Costs ("Response"), filed October 1, 2015. Respondent objected to the hourly rates sought but, in light of the recently-issued *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21 2015) (identifying compensable hourly rates for Homer firm attorneys and staff), declined to litigate the issue. Having "defer[red] to the special master's statutory discretion in determining a reasonable fee award in this case," Respondent further clarified that "[n]othing contained in this response should be construed as an agreement with, admission, concession, or waiver by respondent as to any of the matters raised by petitioners' request for attorneys' fees and costs, including, but not limited to, the hourly rates requested, the number of hours requested, and other litigation related costs." Response at 2. Respondent did not object to the number of hours billed by Petitioners' counsel or to the costs they incurred.

On October 13, 2015, Petitioners filed an Amended Application for Attorneys' Fees and Costs. Although Petitioners' counsel amended his application to reflect the rates approved in *McCulloch*, the substance of the application otherwise remained unchanged. Petitioners applied for attorneys' fees amounting to $25,204.00 and attorneys' costs amounting to $2,017.11. The total amount requested was $27,221.11.[4]

On October 20, 2015, the undersigned convened a status conference to discuss counsel's pending fees and costs application. During the status conference, the undersigned informed the parties that she intended to compensate Mr. Homer and his firm's staff at the rates that were awarded in *McCulloch*, and that counsel's amended application would be granted in full. *See* Order, filed October 21, 2015, at 1-2. The undersigned directed Petitioners' counsel to draft a decision that incorporated the *McCulloch* rates and awarded compensation for the full amount of requested fees and costs. Petitioners' counsel filed the draft on October 27, 2015. On November 3, 2015, Respondent's counsel communicated informally to the undersigned's staff that Respondent did not intend to file a response to Petitioner's draft. This matter is now ripe for a decision.

The undersigned acknowledges Respondent's continued objections to the *McCulloch* rates but remains in agreement with *McCulloch*'s outcome. The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of Petitioners' request, the undersigned GRANTS Petitioners' amended request for payment of attorneys' fees and costs in full.

In addition, the undersigned awards compensation for 1.5 hours of attorney time,

---

[3] In the interim, Respondent requested and was granted two motions for extension of time to respond to Petitioners' fees and costs application. *See* Non-PDF Orders filed September 15, 2015, September 24, 2015.

[4] Petitioners subsequently filed a General Order # 9 Statement in which they confirm that they did not personally incur any costs in pursuit of their vaccine claim. *See* Notice, filed November 16, 2015, at 1.

expended by Christina Ciampolillo at an hourly rate of $300.00, for her preparation for the substantive status conference held on October 20, 2015, and for the submission of a draft decision on attorneys' fees and costs. This amounts to an additional $450.00.

Accordingly, the undersigned awards:

**A lump sum of $27,671.11, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioners, Jeffrey Faucher and Filomena Faucher, and Petitioners' counsel, Mr. Ronald Homer of the law firm of Conway, Homer & Chin-Caplan, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).